■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered March 19, 1987, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of criminal sale of a controlled substance in the third degree under count five and criminal possession of a controlled substance in the third degree under count six of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on counts five and six.

We agree with the defendant's contention that his convictions of criminal sale and criminal possession of a controlled substance in the third degree under counts five and six of the indictment, respectively, with regard to the drug sale of May 25, 1986, must be reversed based upon the trial court's refusal to charge the jury on the issue of acting in concert in accordance with the language of the indictment. This error was exacerbated by the fact that the jury, during its deliberations, specifically asked the court for instructions on this very issue. Despite this request, the trial court, over defense counsel's objection, merely reiterated its original charge regarding the elements of conspiracy. In view of the lack of overwhelming evidence of the defendant's guilt in connection with the sale of May 25, 1986, this error cannot be deemed harmless. We do agree, however, with the People's contention that this error was harmless with respect to the defendant's convictions under counts one and two of the indictment regarding the drug sale of August 5, 1986, since the evidence of the defendant's direct involvement in that sale was overwhelming.

Furthermore, with respect to the charges stemming from the May 25, 1986, sale we conclude that the trial court erred in refusing the defendant's request that the jury be given an alibi charge. The defense presented two witnesses who testified that the defendant was not home during the late evening and early morning hours of May 24 and 25, 1986, when the undercover officer allegedly spoke to him on the telephone regarding the impending sale. In view of this testimony, and the People's failure to register an objection to the admission of this evidence based upon the lack of a notice of an alibi

defense *(see,* CPL 250.20), an alibi charge should have been given to the jury with regard to counts five and six of the indictment.

We note for purposes of the retrial on counts five and six of the indictment, that, as conceded by the People, the trial court acted improperly in admitting into evidence a redacted tape-recorded telephone conversation which took place on June 11, 1986, allegedly between the undercover officer and the defendant, for the purpose of refreshing the recollection of the defendant's wife. We conclude, however, that the court's ruling did not constitute error warranting reversal of the defendant's conviction under the remaining counts of the indictment in view of the facts of this case as well as the court's limiting instructions to the jury following the admission of the tape.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.